UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ONCQUE CORPORATION </br></br> Plaintiff, </br></br> v. </br></br> KAZ USA, INC. </br></br> Defendant. | Civil Action No. </br></br> JURY TRIAL DEMANDED |

**ONCQUE CORPORATION'S COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff OncQue Corporation ("OncQue") for its Complaint against defendant Kaz USA, Inc. alleges as follows:

**PARTIES**

1. OncQue is a corporation organized and existing under the laws of Taiwan and having its principal place of business at No. 278, Sec. 4, Tsuyu Road, E. Dist., Taichung City 40147, Taiwan.

2. Defendant Kaz USA, Inc. ("Kaz" or "Defendant") is, upon information and belief, a corporation organized under the laws of Massachusetts having its principal executive offices at 250 Turnpike Road, Southborough, Massachusetts, and doing business in this judicial district, including business related to the claims asserted in this Complaint.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4.	This Court has personal jurisdiction over Defendant, a Massachusetts corporation. Defendant has conducted and solicited and continues to conduct and solicit business in the Commonwealth of Massachusetts. Defendant has caused and is continuing to cause tortious injury in the Commonwealth of Massachusetts. Upon information and belief, Defendant, directly or through intermediaries, uses, offers for sale, imports, or distributes to others for such purposes, heaters, in the United States and the Commonwealth of Massachusetts.

5.	Venue in this district is proper under 28 U.S.C. §§ 1391(b) and (c) and 1400(b), as *inter alia*, Defendant is subject to personal jurisdiction in this district.

## FACTUAL BACKGROUND

**OncQue's Intellectual Property**

6.	OncQue is the assignee of U.S. Patent No. 6,800,841 ("the '841 Patent"), entitled "Tilt Switch," which the United States Patent and Trademark Office duly and legally issued on October 5, 2004. A true and correct copy of the '841 Patent is attached hereto as Exhibit A. OncQue owns all rights under the '841 Patent, including the right to bring suit for infringement of the patent.

7.	The '841 Patent has not expired and is in full effect.

8.	The claims of the '841 Patent are valid and enforceable.

9.	OncQue is the assignee of U.S. Patent No. 7,402,791 ("the '791 Patent"), entitled "Switch Having a Ball Member," which the United States Patent and Trademark Office duly and legally issued on July 22, 2008. A true and correct copy of the '791 Patent is attached hereto as Exhibit B. OncQue owns all rights under the '791 Patent, including the right to bring suit for infringement of the patent.

10.	The '791 patent has not expired and is in full effect.

11. The claims of the '791 Patent are valid and enforceable.

**Kaz's Infringement of the '841 Patent**

12. Kaz has made, used, sold and offered for sale within the United States, and/or imported into the United States, heaters that infringe one or more claims of the '841 Patent, including but not limited to heater models Honeywell HZ-7200, Honeywell HZ-7300, Honeywell HZ-789, and Honeywell HZ-717, each of which contains a tilt switch that infringes one or more claims of the '841 Patent, including but not limited to the model TS-IR01 tilt switch.

13. Upon information and belief, Kaz was aware of the existence of the '841 Patent at least as of April 24, 2012.

14. Kaz is not licensed under the '841 Patent.

15. The damage to OncQue from Kaz's infringement of the '841 Patent is severe and irreparable.

**Kaz's Infringement of the '791 Patent**

16. Kaz has made, used, sold and offered for sale within the United States, and/or imported into the United States, heaters that infringe one or more claims of the '791 Patent, including but not limited to heater models Honeywell HZ-7200, Honeywell HZ-7300, Honeywell HZ-789, and Honeywell HZ-717, each of which contains a tilt switch that infringes one or more claims of the '791 Patent, including but not limited to the model TS-IR01 tilt switch.

17. Upon information and belief, Kaz was aware of the existence of the '791 Patent at least as of April 24, 2012.

18. Kaz is not licensed under the '791 Patent.

19. The damage to OncQue from Kaz's infringement of the '791 Patent is severe and irreparable.

ME1 17685762v.2

## FIRST CLAIM FOR RELIEF
## INFRINGEMENT OF THE '841 PATENT

20.     OncQue incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

21.     Kaz has infringed and continues to infringe and induce infringement of the '841 Patent by making, using, offering to sell, and selling within the United States, and importing into the United States, heaters including, but not limited to, the Honeywell HZ-7200, Honeywell HZ-7300, Honeywell HZ-789, and Honeywell HZ-717 models.

22.     As a result of Kaz's infringement of the '841 Patent, OncQue has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless such infringement is enjoined by the Court.

## SECOND CLAIM FOR RELIEF
## INFRINGEMENT OF THE '791 PATENT

23.     OncQue incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

24.     Kaz has infringed and continues to infringe and induce infringement of the '791 Patent by making, using, offering to sell, and selling within the United States, and importing into the United States, heaters including, but not limited to, the Honeywell HZ-7200, Honeywell HZ-7300, Honeywell HZ-789, and Honeywell HZ-717 models.

25.     As a result of Kaz's infringement of the '791 Patent, OncQue has suffered, is suffering, and will continue to suffer severe and irreparable harm and substantial damages, unless such infringement is enjoined by the Court.

ME1 17685762v.2

## PRAYER FOR RELIEF

WHEREFORE, OncQue respectfully requests this Court grant the following relief,

1. Adjudge that Kaz has infringed, continues to infringe, has induced infringement of and continues to induce infringement of the '841 Patent;

2. Adjudge that Kaz has infringed, continues to infringe, has induced infringement of and continues to induce infringement of the '791 Patent;

3. Preliminarily and permanently enjoin Kaz and its predecessors, successors, divisions, subsidiaries, or joint ventures thereof, together with any and all parent or affiliated companies or corporations, and all officers, directors, employees, agents, attorneys, representatives, and those acting in privity or in concert with Kaz or on its behalf, from further infringing the '841 and '791 Patents.

4. Award OncQue damages it has sustained as a result of Kaz's infringement of an amount to be determined;

5. Treble the damages assessed in light of Kaz's willful infringement;

6. Award OncQue interest on any past damages;

7. Declare this to be an exceptional case and award OncQue its reasonable attorneys' fees in accordance with 35 U.S.C. §285; and

8. Award OncQue such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

OncQue hereby demands a jury trial on all trial issues.

5

ME1 17685762v.2

Respectfully submitted,

ONCQUE CORPORATION
By its attorneys,

/s/ *Wyley S. Proctor*
Lee Carl Bromberg (BBO # 048580)
Wyley S. Proctor (BBO # 666613)
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, MA 02110
Tel: 617-449-6500
Fax: 617-607-9200
Email:  lbromberg@mccarter.com
         wproctor@mccarter.com

Date:  May 20, 2014